W. T. HULL & COMPANY, Appellants, v. MISSOURI
PACIFIC RAILWAY COMPANY, Respondent.

Kansas City Court of Appeals, January 28, 1895.

1. **Trial and Appellate Practice**: EVIDENCE: NEW TRIAL. Appellate courts do not generally weigh the evidence, and interfere only where the verdict was necessarily a result of passion, prejudice or corruption; but the trial courts, from their better position for information, exclusively exercise the right of granting new trials on account of the weight of the evidence, and should never hesitate in exercising the power where the verdict is against the weight of evidence.

2. ———: ———: ———. Where the trial court has exercised its discretion and awarded a new trial, because the verdict is against the weight of evidence, the appellate courts ought to be very slow to condemn its action, unless there has been a clear abuse of its discretion.

3. **Common Carriers**: BAILEES: DUTIES. A common carrier's liability ceases when the goods reach their destination,' and from thence on the carrier is a mere bailee, liable only for the exercise of proper and ordinary diligence in protecting consignor's interest

4. ———: ———: ———. A carrier bringing a car of decaying oranges to its destination, on the consignee's refusal to accept the consignment, should make ordinarily diligent effort to sell the fruit at the best price attainable.

*Appeal from the Jackson Circuit Court.*—HON. J. H.
SLOVER, Judge.

AFFIRMED.

*A. M. Allen* for appellants.

(1) The court erred in setting aside the verdict of the jury and granting a new trial, on the ground that there is no evidence to support it. (2) The court erred in refusing to give the first, second and third instructions asked by plaintiffs, especially the third instruction, and of consequence erred in giving instruction

numbered 1, asked by defendant. The third instruction was almost entirely identical in language with the case of *Lesinsky v. Great Western Dispatch*, 13 Mo. App. 576, and is sustained by the case of *Steamboat Keystone v. Moies*, 28 Mo. 243. (3) The verdict of the jury was for the right party, and should not be disturbed, and the action of the trial court in setting it aside ought to be reversed.

*Elijah Robinson* for respondent.

(1) The uncontradicted evidence is that the oranges were in very bad condition, that they were rotting, and that it was very important to dispose of them as quickly as possible. The uncontradicted evidence, also, is that McKinney Bros. were capable and reliable commission men, engaged in the sale of fruits. There was very little conflict in the evidence in the case. In fact, absolutely none on most of the questions involved. (2) If the action of the trial court in sustaining the motion for new trial can be sustained upon any of the several grounds set forth in said motion, then this court will affirm the judgment. *Lovel v. Davis*, 52 Mo. App. 348; and approved by the supreme court in *Hewitt v. Steele*, 118 Mo. 463.

GILL, J.—In March, 1893, plaintiffs shipped a car load of oranges from a point in Florida, consigned to Combs & Bro. at Kansas City. The defendant carried the oranges from St. Louis to their destination. On the arrival of the car at Kansas City, on Wednesday, March 8, Combs & Bro. were advised thereof, but declined to receive the fruit on account of its inferior and damaged condition. The agent at Kansas City was requested by Combs Bros. to hold the car for a short time, that they might communicate by telegraph with plaintiffs; and on Saturday, March 11, Combs

Bros. informed the agent that they had telegraphed plaintiffs, had received no answer, and that unless they should hear from them (the plaintiffs) by the Monday following, they, the said consignees, would have nothing further to do with the oranges. On said Monday, Combs Bros. informed the railroad agent that they had no advice from the plaintiffs; and thereupon the agent placed the oranges in the hands of a commission firm at Kansas City to be sold. The fruit was disposed of, realizing only about $40 more than the freight charges and expenses of sale. Defendant offered to pay this amount to the plaintiffs, which they refused, and brought the present action for the alleged market value of the car load of oranges. There was in plaintiffs' behalf some evidence tending to prove the oranges to have been worth a larger sum than they were sold for by the commission men, and which they could have obtained by diligent effort.

The petition charged that the defendant negligently failed to take proper care of the oranges when so rejected by the consignee, failed to use proper care in disposing thereof, and that plaintiffs were thereby damaged. The answer set up the facts above stated, and that it made every reasonable effort to, and did, sell the fruit for the best price obtainable at the time.

At the close of the evidence, the court, at plaintiff's request, substantially instructed the jury to find for plaintiffs, at all events, for the sum left after paying all freight and reasonable charges (which was about $40), "but if they should find from the evidence that defendant did not use reasonable diligence in selling the same, then the defendant would be liable to the plaintiffs for the reasonable market value of said oranges at Kansas City at the time of the sale thereof,

less the amount of the freight thereon and reasonable costs and expenses for selling the same."

And at defendant's request, the court gave this instruction:

"The court instructs the jury that if they believe from the evidence in the case that the defendant, on arrival of the car of oranges at Kansas City, notified B. F. Combs & Company of that fact, and requested them to unload the same; and if they further believe from the evidence in the case, that said defendant waited a reasonable time for said Combs & Company to unload said oranges, and that they refused to do so; and if the jury further believe from the evidence in the case, that said oranges were of such a character and in such a condition that they had to be handled quickly to avoid danger of damage or depreciation; and if the jury further believe from the evidence in the case that said defendant after waiting a reasonable length of time, and after refusal of said Combs & Company, to take said oranges, put the same in the hands of a reliable and competent firm for sale; and if the jury further believe from the evidence in the cause, that said firm to whom said oranges were delivered by defendant for sale, as aforesaid, used reasonable diligence to sell the same, and obtained for said oranges as good a price as under the circumstances could have been obtained at that time, then the plaintiffs are entitled to recover only the amount for which said oranges were sold by the firm to whom the defendant delivered them, after deducting therefrom the freight charges on said oranges and the reasonable costs and expenses of said firm for handling and selling the same."

There was a verdict and judgment for plaintiffs in the sum of $317, but, on defendant's motion, the same was set aside and new trial granted, for the reason, as stated on the record, "that the verdict is not

supported by the evidence." From the order awarding a new trial, plaintiffs appealed.

It appears from the brief of plaintiffs' counsel that the ground upon which the court below sustained the motion for a new trial is not clearly understood. The court did not award a new trial because there was *no evidence* to sustain the verdict, but, to quote from the record, "for the reason that the verdict is not supported by the evidence." The trial judge evidently set aside the verdict on the seventh ground assigned in the motion for a new trial, to wit, that "the verdict is against the weight of evidence in the case."

These two grounds for setting aside a verdict (to wit, that there is no evidence to support it, and that the verdict is against the weight of evidence) are quite different. In the first instance, the court would erroneously sustain a motion for new trial, if there was any substantial evidence tending to prove the facts found by the jury; while on the latter ground the trial court would be justified in awarding a new trial, where the weight of the evidence, in the court's opinion, clearly preponderates against the jury's finding.

The duties of trial and appellate courts in this respect are not the same. The latter do not generally weigh the evidence; it is only where it is so overwhelmingly against the verdict as to force the conclusion that the jury's finding was necessarily the result of passion, prejudice or corruption, that appellate courts will interfere. But the trial courts occupy quite a different attitude. They have opportunities which the appellate judges have not. "In witnessing and presiding over the trial, they are put in possession of facts which we can not possibly attain. They see the witnesses; can form an opinion respecting their veracity; can observe whether they are biased or prejudiced; can notice their willingness or unwillingness and a great number of

other circumstances which it is impossible to transfer to paper. They can also form a correct conclusion as to whether any improper influences operated on the jury in producing the verdict. All these considerations render it peculiarly proper that the question of granting new trials, on account of the verdict being against the weight of the testimony, should be exclusively exercised by the court trying the cause; and where the trial court is of the opinion that the verdict is not supported by the evidence, or is against the weight of the evidence, it should never hesitate in exercising the power and giving the aggrieved party a new trial." *Reid v. Ins. Co.*, 58 Mo. 421, 429.

And, it might be added, when once the trial court has exercised this discretion and has awarded a new trial because the verdict is against the weight of the evidence, appellate courts ought to be very slow to condemn its action—never, indeed, unless there has been a clear case of abuse in the exercise of that discretion.

No such abuse of discretion is found in the case at bar. The material issue in the trial of this cause was whether or not the defendant's agent exercised ordinary care in protecting the plaintiffs' interests in the car load of oranges, after the refusal of the consignee to accept them. The duties and obligations of the defendant as common carrier had ceased when it brought the oranges to their destination and tendered them to the consignees. Thence on, the defendant was a mere bailee, liable only for the exercise of proper and ordinary diligence in protecting the consignor's interests. What it should do thereafter was such only as would be expected of an ordinarily prudent person, under the same circumstances. *Steamboat v. Moies*, 28 Mo. 243.

It seems to us that the defendant company pursued the only proper course—that is, to convert the fruit

into money at the earliest practical moment. It was clearly improper to store the oranges, for thereby the company would have lost its freight (or at least its lien therefor) since the oranges were decaying and losing value every day. The only question is whether there was an ordinarily diligent effort made to sell the fruit, at the best price obtainable, and so the court advised the jury in its instructions, with which we can find no fault.

There was evidence on both sides of this issue of fact; but the preponderance was, it seems to us, on the side of the defendant.

We are not willing, then, to say that the circuit court committed error in granting a new trial and its judgment therefore will be affirmed. All concur.