REID, MURDOCK & COMPANY, Appellants, v. LLOYD & MOORMAN, Respondents.

### Kansas City Court of Appeals, April 1, 1895.

1. **Appellate and Trial Practice:** DUTIES OF TRIAL AND APPELLATE COURTS. In the matter of weighing the evidence and granting a new trial, the trial judge is vested with discretionary powers with which the appellate courts will not interfere, unless it shall sufficiently appear that such discretion has been abused; and there is nothing in this case tending to show such abuse.

2. **New Trial:** INSTRUCTION. It appears that a new trial was properly granted by the court below because of a mistake in an instruction relating to the amount of goods plaintiff would be entitled to recover for in an alleged fraudulent sale.

*Appeal from the Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*Frank Sheetz* and *Scott J. Miller* for appellants.

(1) The court can vacate a judgment only as opposed to the weight of the evidence in those cases where the verdict of the jury is so strongly opposed to all reasonable probability as to be manifest result of passion or prejudice. *Adler v. Wagner,* 47 Mo. App. 25;

*Lovel v. Davis*, 52 Mo. App. 349. (2) The case was properly and legally ·tried upon proper and legal evidence, and on proper declarations of law, and the verdict is responsive to the evidence and should have been allowed by the court to stand. *Thomas v. Freligh*, 9 Mo. App. 151; *Elsass v. Harrington*, 28 Mo. App. 300; *Leedom v. Furniture Co.*, 36 Mo. App. 426; *Reid & Co. v. Lloyd & Moorman*, 52 Mo. App. 278. (3) No title to goods in suit ever passed to Marr & Shelton, and defendants could get none from them, under the evidence in this case. *Thomas v. Freligh*, 9 Mo. App. 151; *Elsass v. Harrington, supra; Price v. Lederer*, 33 Mo. 426; *Leedom v. Furniture Co.*, 36 Mo. App. 426; *Reid & Co. v. Lloyd & Moorman*, 52 Mo. App. 278.

*L. A. Chapman* and *W. D. Leeper* for respondents.

(1) The court committed error in ignoring the opinion of the court of appeals,—not in submitting the case to jury, but in failing to confine the jury to goods purchased by Marr & Shelton at the last sale. (2) "It is rarely the case that appellate courts interfere with the discretion of the trial courts in directing a new trial on a mere question of the weight of evidence." *Eidelmiller v. Kump*, 61 Mo. 340; *Bank v. Armstrong*, 92 Mo. 265; *Whitsett v. Ransom*, 79 Mo. 258; *Reid v. Ins. Co.*, 58 Mo. 422; *Lockwood v. Ins. Co.*, 47 Mo. 50; *Ensor v. Smith*, 57 Mo. App. 584; *Household v. Railroad*, 90 Mo. 548; *Longdon v. Kelly*, 51 Mo. App. 572; *Shepherd v. Brenton*, 15 Iowa, 91; *Hewitt v. Steele*, 118 Mo. 463. (3) The burden is cast upon the appellants to show that there has been abuse of the discretion of the trial court, as all presumptions are in favor of the regularity of its proceedings *Omnia presumunter rite et solemniter esse acta donec probitur in contrarium*. *Ensor v. Smith, supra;* 16 Am. and Eng. Encyclopedia of Law, p. 516,

519. *Simpson v. Blunt*, 42 Mo. 542; *Shepherd v. Brenton, supra; Hays v. Bell*, 16 Mo. 496; *Charles v. Patch*, 87 Mo. 450; *Hewitt v. Steele, supra; Lovell v. Davis*, 52 Mo. App. 343.

Gill, J.—This case has been here before, and will be found reported in 52 Mo. App. 278. An understanding of the nature of the controversy can be had by consulting the opinion then delivered.

At the last trial by jury there was a verdict for the plaintiff; but the court sustained the defendants' motion for a new trial, and assigned as its reasons therefor: "Because the verdict of the jury is not supported by the evidence, and because the verdict of the jury is against the law and the evidence." From this order, granting a new trial, plaintiffs have appealed.

Plaintiffs' counsel have fallen into an error, not uncommon, of assuming that trial and appellate courts are controlled by the same rules when reviewing the verdicts of juries. It is urged here that circuit courts have authority to set aside verdicts and grant new trials, because opposed to the weight of evidence, "*only* in these cases*," using the words of the brief, "where the verdict is so strongly opposed to all reasonable probability as to be the manifest result of passion or prejudice." And, invoking this rule, plaintiffs' counsel insist that there was no such overwhelming preponderance of evidence against the verdict in this case as this rule calls for, and that the lower court, therefore, erroneously sustained defendants' motion for new trial.

This is an obvious misconception of the duty imposed on the trial courts. The rule stated is applicable to *appellate courts*, when called on to interfere and set aside verdicts of juries, but not to the supervision belonging to trial courts. It is peculiarly the province of the latter to watch the progress of trials by jury, to

witness the conduct of witnesses on the stand and the parties at the trial, and if a verdict is obtained which, in the opinion of the judge, is contrary to the weight of evidence, it is the right and duty of the trial judge to set such unjust verdict aside and award the parties a new trial. And it is from a recognition of this practice below, coupled with the fact that the trial judge is present at the trial and necessarily so much better advised, that the appellate tribunals ordinarily decline to weigh the evidence at all. If, however, the verdict is manifestly unjust and clearly contrary to the great preponderance of the testimony, so much so that it is obviously the result of corruption, passion or prejudice, then the appellate court will interfere and set it aside. This course, however, is an exception to the general rule, and such, too, as will very rarely be adopted. For a more extended discussion of this distinction between the practice in trial and appellate courts, see *Hull v. Railroad*, 60 Mo. App. 593; *Ensor v. Smith*, 57 Mo. App. 584; *Longdon v. Kelly*, 51 Mo. App. 572.

In the matter of weighing the evidence and granting a new trial (because the verdict is unsupported thereby), the trial judge is vested with discretionary powers which the appellate courts will not interfere with, unless it shall manifestly appear that such discretion has been abused.

After a careful consideration of the evidence preserved by this record, we can discover no such abuse. The weight of the testimony seems, indeed, to have been with the defendants. At all events, there is nothing here tending to show any abuse of discretion by the trial court.

In addition to what has already been said, it would seem the court erred in refusing defendants' seventh instruction, whereby it was sought to direct the jury that plaintiff should not be allowed to recover

any goods not included in the last sale of plaintiffs to said Marr & Shelton. Plaintiffs' entire case rests upon the fraud practiced by Marr & Shelton in this last purchase, and there is no pretense that the goods bought prior thereto were obtained by virtue of any misrepresentations. Judgment affirmed. All concur.