GEORGE A. BRADFORD, Respondent, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 3, 1909.

1. **MASTER AND SERVANT: Place of Work: Evidence: Trial and Appellate Practice.** Though the plaintiff's evidence is greatly overborne by the weight of other creditable evidence. his credibility still remains a question for the jury—so long as his evidence is not wholly incredible by reason of its inconsistency with the natural law.

136 App—45

2. ———: ———: Assumption of Risk: Inexperience: Master's Duty. Where the business is new to the servant he can not be held as a matter of law accountable of the risk of the employment since he has a right to assume that the master will not send him into danger.

3. ———: ———: Negligence: Instructions: Pleadings. An instruction relating to the matter of negligence and contributory negligence of a master and servant, otherwise correct, is not vitiated by the following words "unless you further find from the evidence the plaintiff's injuries were caused by his own negligence as alleged in defendant's answer," since the rule that instructions should not refer the jury to the pleadings to ascertain the issue is inapplicable.

Appeal from Jackson County Circuit Court.—*Hon. E. E. Porterfield*, Judge.

AFFIRMED.

*Sebree, Conrad & Wendorff* and *W. F. Evans* for appellant.

(1) The engine room was sufficiently lighted. Defendant was not guilty of any negligence. The demurrer to the evidence should have been sustained. Jackson v. Elevator Co., 209 Mo. 506; Holmes v. Brandenbaugh, 172 Mo. 53. (2) Plaintiff saw and knew the cogwheels were and fully appreciated the danger of allowing his hand to come in contact with them, and was therefore guilty of negligence in allowing the cotton waste to become entangled in the cogwheels and draw his hand between them, and, therefore, he cannot recover. George v. Manufacturing Co., 159 Mo. 333; Anderson v. Box Co., 103 Mo. App. 382; Holmes v. Brandenbaugh, 172 Mo. 53; Smith v. Box Co., 193 Mo. 715; Doerr v. Brewing Co., 176 Mo. 547; Pohlman v. Car & Foundry Co., 123 Mo. App. 219; Meyer v. Glass Co., 129 Mo. App. 556; Jackson v. Elevator Co., 209 Mo. 506. (3). Plaintiff was thoroughly familiar with all parts of the engine and especially the cogwheels, as well as its surroundings and the conditions under which he was operating it, and therefore assumed the risk. Irmer v. Brewing Co., 69

Mo. App. 26; Poindexter v. Paper Co., 84 Mo. App. 357; Musick v. Packing Co., 58 Mo. App. 331; Fulger v. Bothe, 43 Mo. App. 69, 117 Mo. 475; Rigsly v. Oil Well Supply Co., 115 Mo. App. 297, 307; Mathis v. Stock Yards Co., 185 Mo. 434; Lee v. Railroad, 112 Mo. 372. (4) The court committed error in giving plaintiff's instruction numbered 1 for the reason that said instruction referred the jury to the pleadings to ascertain what the issues were. Pandjiris v. Hartman, 196 Mo. 547; Glasgow v. Railway, 191 Mo. 374; Fisher v. Transit Co., 198 Mo. 562; Webb v. Carter, 121 Mo. App. 155; Allen v. Transit, 183 Mo. 432; Fleischman v. Miller, 38 Mo. App. 181; Commission Co. v. Hunter, 91 Mo. App. 337. (5) The court committed error in giving plaintiff's instruction numbered 1, for while it purported to cover the whole case and directed a finding by the court, it ignored plaintiff's contributory negligence.

*Fred A. Boxley* and *Conkling & Rea* for respondent.

(1) Defendant's demurrer was properly overruled. Schermerhorn v. Herold, 81 Mo. App. 461; B. & L. Assn. v. Gro. Co., 82 Mo. App. 245; Cunliff v. Hausman, 97 Mo. App. 467; Dunphy v. Stock Yards Co., 118 Mo. App. 506; Hovarka v. Transit Co., 191 Mo. 441; Wilson v. Alexander (Tenn.), 88 S. W. 935; Fields v. Railroad, 80 Mo. App. 603; Taussig v. Wind, 98 Mo. App. 129; Hunt v. Ancient Order of Pyramids, 105 Mo. App. 41; Winkle v. Peck D. G. Co. (Mo. App.), 112 S. W. 1028; Sambos v. Railroad, —— Mo. App. ——, 114 S. W. 567. (2) Plaintiff was guilty of no negligence contributing to his injury. Lemser v. Manf. Co., 70 Mo. App. 219; Parsons v. Hammond Packing Co., 96 Mo. App. 372; Czernicke v. Ehrlich, 111 S. W. 17; Sambos v. Railroad, —— Mo. App. ——, 114 S. W. 567; Moore v. Board of Regents (Mo.), 115 S. W. 6; Gorman v. Transit Co., 96 Mo. App. 602; Taussig v. Wind, 98

Mo. App. 129; Dammann v. St. Louis, 152 Mo. 186. (3) The question of assumption of risk in this case is not properly before this court. Fisher v. Lead Co., 156 Mo. 479; Huff v. Thurman, 78 Mo. App. 635; Jones v. Haberman, 94 Mo. App. 1; Horgan v. Brady, 155 Mo. 659; Benton Land Co. v. Zeitler, 182 Mo. 251; Lowenstein v. Railway, —— Mo. App. ——, 115 S. W. 2; 26 Cyc. 1185, citing Duerst v. Stamping Co., 163 Mo. 607; Carter v. Baldwin, 107 Mo. App. 217; Roberts v. Telephone Co., 166 Mo. 370. (4) The court committed no error in giving plaintiff's instruction number one. Bowling v. Hax, 55 Mo. 446; Hartpence v. Rogers, 143 Mo. 623; Sherwood v. Railway, 132 Mo. 343; Edleman v. Transfer Co., 3 Mo. App. 503; Corrister v. Railroad, 25 Mo. App. 619; Britton v. St. Louis, 120 Mo. 437; State v. David, 131 Mo. 380; Harris v. Fowler, 71 Mo. App. 488; Vogg v. Railway, 138 Mo. 172; Von De Veld v. Judy, 143 Mo. 348; Moore v. Railway, 176 Mo. 528.

BROADDUS, P. J.—This is a suit for damages sustained by the plaintiff and alleged to have been the result of defendant's negligence. The injury occurred on the 27th day of August, 1905.

The plaintiff was in the employ of the defendant on the section work of its railroad at Vale, a station in Jackson county. After having moved to Vale preparatory to assuming his work, he was informed that he would, in addition to his usual work, be required to run a gasoline engine. He raised some objection to running the engine on the ground of his inexperience, but was informed that a man would be furnished to instruct him in that work. He received such instruction and had operated the engine only a few times before he received the injury complained of. He seeks to recover on the ground that defendant failed to afford him a reasonably safe place in which to perform the service required of him. He was injured while in the act of wiping and oiling said engine.

The engine was located at the bottom of a concrete room sunken to the depth of about fifteen feet. It was lighted at night by a lamp and by day by a skylight window about three feet by five feet in dimensions and located in the south side of the roof and by light from the open door of the room.

Plaintiff testified that on the day in question when he attempted to wipe and oil the cogwheel with some waste material used for the purpose, the material caught in the wheel which jerked his hand into the cogs and ground off his fingers. He testified that it was so dark that he did not see clear enough to realize his closeness to the cogwheel; that this cogwheel was on the north side of the engine. The plaintiff was corroborated as to the conditions of light by some other witnesses. The evidence tended to show that the skylight had caught cinders and dust which had the effect of darkening the room to some extent. The evidence on part of defendant by a large number of witnesses tended to show that the light was sufficient and that, if plaintiff had used reasonable precaution, he could have avoided the injury.

The judgment was for the plaintiff from which defendant appealed. The defendant's contention is that plaintiff's injury was the result of his own negligence.

It is argued, first, that there was sufficient light to have enabled plaintiff, had he exercised ordinary care, to have performed the work without any risk of danger. To support this theory, the evidence is thoroughly gone over to show that, whatever plaintiff may have testified as to that matter, he is not to be believed and that he is so discredited that his testimony is of no probative force whatever. And, for the sake of argument, it may be conceded that his statements were overborne by the weight of other credible evidence, but it does not follow as a necessary conclusion that he had no substantial testimony to support his cause. His credibility may have

been seriously impugned, but that is all that can be said of the matter, which was a question solely for the jury.

It is insisted that plaintiff could not have been injured in the manner he claimed that he was; that the material, had it caught in the wheel, did not have sufficient tenacity of texture to have drawn his hand into the cogs; that it could have occurred only by the careless act of plaintiff in placing his hand in danger; and that plaintiff was not able to explain in a satisfactory manner how the injury occurred. All these arguments are proper subjects for the consideration of a jury, but have no appropriate function in an appellate court. They do not go to show that there was no substantial evidence to sustain the verdict, but only to show that plaintiff's evidence should not prevail because it is so completely overbalanced by that of defendant. It is not a question where the facts are inconsistent with natural law, but one whether certain conditions existed, which is always a question of fact. And it is not incredible, taking into consideration the facts—that the room was fifteen feet in depth, lighted only from the skylight mentioned obscured by more or less dirt and cinders, and the limited amount of light admitted through the door entrance—that at all times the light was not sufficient to enable plaintiff to see clearly the portion of the machinery at which he was engaged when injured. Unless plaintiff's evidence is incredible, we are compelled to accept it as substantial testimony in support of his case. [Winkle v. Peck Dry Goods Co., 112 S. W. 1026.] And an appellate court will not disturb a judgment unless the verdict upon which it is based is entirely unsupported by substantial evidence. [Hunt v. Ancient Order of Pyramids, 105 Mo. App. 41; Taussig v. Wind, 98 Mo. App. 129.] Such is the general rule in this State.

It is contended that, as the plaintiff was familiar with the conditions he assumed the risks. The evidence does not bear out this contention. The plaintiff's experience and acquaintance with the use of the machinery

was limited. He doubted his capacity to perform the service under the circumstances, but was assured by the defendant that he could do so after being properly instructed. The business was new to him, having never at any previous time operated an engine of any kind. On account of his ignorance of the business and consequent dangers by reason thereof, it will not do to hold him, as a matter of law, accountable as having assumed the risk of the employment. At least, it was a question for the jury. In the absence of knowledge, the servant has the right to assume that his master will not send him into danger. [Parsons v. Hammond Packing Co., 96 Mo. App. 372.]

Instruction 1, given at the instance of the plaintiff, is criticized because it referred the jury to the pleadings to ascertain what the issues were. It cannot be claimed that the instruction is not proper and complete in all respects except for the following words "unless you further find from the evidence that plaintiff's injuries were caused by his own negligence, as alleged in defendant's answer." It is a rule that the instructions should not refer the jury to the pleadings to ascertain the issue. But the rule is not applied in this case. Where the opposing party could not have been prejudiced by such instruction, the courts disregarded the irregularity. An instruction, after setting out all the facts necessary to entitle the plaintiff to recover, added "as stated in the petition," and it was held the instruction was not misleading. [Hartpence v. Rogers, 143 Mo. 623.] Where the instruction read "that upon the issue of contributory negligence raised by the defendant's answer, the burden of proof is upon defendant," the court said that the instruction "does not refer the jury to the answer to ascertain the issues involved, but simply tells them that the burden of proof rests upon defendant to establish such issue." [Sherwood v. Railway, 132 Mo. 339.] And the holding is similar in State v. Scott, 109 Mo. 226; Britton v. St. Louis, 120 Mo. 437. The foregoing decisions, we

think, dispose of defendant's objection to the instruction.

It is strenuously insisted that the defendant was guilty of contributory negligence. This is usually a question for the jury and certainly was such under the evidence, and the court so instructed. The cause was well tried and should be affirmed, and it is so ordered. All concur.