[Civil No. 2481.  Filed September 16, 1926.]

[249 Pac. 64.]

## ROBERT B. STEVENS, Appellant, v. IRENE CONNORS, Appellee.

1. BREACH OF MARRIAGE PROMISE — INSTRUCTION ON IMMORAL CONSIDERATION FOR MARRIAGE PROMISE HELD PROPERLY REFUSED AS INAPPLICABLE.—In action for breach of promise where seduction was set up as aggravation, plaintiff asserted unconditional promise of marriage followed by seduction and defendant denied any agreement of marriage, instruction that promise of marriage based on consideration of sexual intercourse was not binding was properly refused as inapplicable.

2. TRIAL.—Where court has fully covered issues in its instruction it is not error to refuse other instructions covering substance already given.

3. NEW TRIAL—DEFENDANT'S MOTION FOR NEW TRIAL IN BREACH OF PROMISE SUIT FOR SURPRISE BY TESTIMONY PLAINTIFF WAS DIVORCED, HELD PROPERLY DENIED WHERE DEFENDANT HAD KNOWLEDGE THEREOF FOUR MONTHS BEFORE TRIAL.—Where in an action for breach of promise defendant claimed surprise by testimony that plaintiff was divorced woman, motion for new trial was properly denied where record showed that four months before trial in criminal proceeding against defendant, plaintiff testified she was divorced.

4. APPEAL AND ERROR—WHERE RECORD FAILS TO DISCLOSE ANY NEWLY DISCOVERED EVIDENCE, PRESUMPTION WAS TRIAL COURT PROPERLY DENIED MOTION FOR NEW TRIAL.—In action for breach of promise where defendant alleged in motion for new trial he could produce newly discovered evidence that plaintiff was married woman, but record failed to disclose production of such evidence, presumption was that trial court properly denied motion.

---

See (1) 9 C. J., p. 370, n. 4 New; 38 Cyc., p. 1613, n. 16.   (2) 9 C. J., p. 370, n. 2.   (3) 29 Cyc., p. 864, n. 44.   (4) 4 C. J., p. 782, n. 43.

APPEAL from a judgment of the Superior Court of the County of Maricopa. Dudley W. Windes, Judge. Affirmed.

Mr. Thomas J. Croaff, for Appellant.

Mr. Fred C. Bolen, for Appellee.

LOCKWOOD, J.—Irene Connors, hereinafter called plaintiff, brought suit against Robert B. Stevens, hereinafter called defendant, for damages for the breach of an alleged promise of marriage, and set up in aggravation of the damages her seduction by defendant under said promise. Defendant answered with a general denial of both the promise to marry and the seduction. The case was tried before a jury, which on the twenty-first day of March, 1925, rendered a verdict in favor of plaintiff in the sum of

---

3.   See 20 R. C. L. 286.

$2,500. On the thirtieth day of March, defendant filed a motion for new trial.

While the motion presented many reasons which defendant claimed justified a new trial, in this court he relies on two of them only, first that the court erred in refusing to give certain instructions requested by him, and second, that as a matter of fact at the time of the alleged promise of marriage and at all times up to the date of the trial plaintiff was a married woman, and that, well knowing such to be the fact, she wilfully and falsely testified on the trial that she had been divorced from her former husband, in 1922. No evidence that plaintiff was married as aforesaid was offered at the trial, and to excuse the failure defendant alleged in his motion that plaintiff prior to the trial had repeatedly told him her former husband was dead, and that, relying upon these statements, he was taken by surprise by her testimony in regard to her divorce. He further claimed in the motion that he could produce newly discovered evidence which could not with reasonable diligence have been found and produced at the trial of the cause, showing that plaintiff was married during all the time as above set forth, and that at the hearing of the motion he would produce certified copies of the records of the superior court of the Atlanta district, state of Georgia, showing plaintiff had not been divorced as she claimed. Plaintiff in reply to said motion filed her affidavit to the effect that defendant at all times knew she claimed her husband to have been divorced and not deceased; that she had been credibly informed and had always believed, and still believed, that she was divorced from her said husband in 1922, and that the latter had remarried before the alleged contract of marriage with defendant.

The hearing on the motion came up first on the twentieth day of April, defendant for some reason

not being represented, and it was by the court denied. Thereafter on motion of defendant, the order denying was set aside and the matter again presented to the court, counsel for plaintiff and defendant both appearing and arguing it. It was taken under advisement and on the eighteenth day of May was again denied, whereupon defendant appealed from the order denying the motion and from the judgment.

There are two assignments of error, the first that the court erred in refusing certain instructions asked by defendant, and the second that the court erred in refusing to grant a new trial, since it appeared from said motion plaintiff was a married woman during all of the time of the alleged promise of marriage and up to the date of trial, and that she was guilty of misconduct in testifying that she had been divorced when in fact she was still married to her former husband. We will discuss these assignments in their order.

There were some four instructions requested by defendant and refused by the court. The first reads as follows:

"The court instructs the jury that, if you find from the evidence that the defendant promised to marry the plaintiff solely on consideration that she should permit him to have sexual intercourse with her, such promise is illegal and cannot be enforced in law; and in this case, if you find from the evidence that the defendant did promise to marry the plaintiff upon the consideration that she allow him to have sexual intercourse with her, and that there was no consideration for such promise, then your verdict will be for the defendant."

This instruction is correct as a statement of abstract law and was evidently copied from the case of *Davie* v. *Padgett,* 117 Ark. 544, 176 S. W. 333, where it was approved in principle by the court. That tribunal, however, upheld the action of the trial

court in refusing the instruction under the particular circumstances of the case, stating:

"The facts of this case did not however, call for the submission to the jury of that issue, for there is no testimony which would have justified the jury in reaching the conclusion that the alleged promise of marriage was made by defendant in consideration of plaintiff granting him the privilege of sexual intercourse with her. . . . According to the plaintiff's testimony, there was an unconditional promise of marriage, and, on the other hand, the defendant testified that there was no promise at all, therefore, there was no issue as to there being a conditional promise or one based upon the consideration of sexual intercourse. The instruction therefore submitted a matter foreign to the issues, and was properly refused by the court."

The evidence in the case at bar almost parallels that in the case quoted above. Plaintiff herein testified to repeated unconditional promises of marriage, and that the seduction occurred some time after such promises. Defendant, on the other hand, denies any agreement to marry. No issue requiring the instruction requested appearing either in the pleadings or the evidence, the trial court properly refused it.

The other three instructions refused, while correct expositions of the law, were covered, so far as their substance is concerned, in other instructions given by the court. When the court has already fully covered issues in its instructions, it is not error to refuse to give others of the same general character. *Title Guaranty & Surety Co.* v. *Nichols,* 12 Ariz. 405, 100 Pac. 825; *Southern Pacific Co.* v. *Hogan,* 13 Ariz. 34, 29 L. R. A. (N. S.) 813, 108 Pac. 240.

The second assignment of error presents a more serious question. It is, of course, the law that a married woman cannot enter into a valid agreement of marriage, and a breach of any such agreement by

the opposite party gives her no right of action. 9
C. J. 324. What, however, does the record in this
case show bearing on this assignment? Defendant
cannot claim he was taken by surprise at the testi-
mony of plaintiff that she had been divorced from
her husband, for it appears clearly in the record that
on the twenty-eighth day of November, 1924, and
four months before the trial of this case, in a crimi-
nal proceeding against defendant, who was at that
trial represented by the same counsel as at this one,
plaintiff testified on cross-examination by defendant's
counsel:

"Q. Were you previously married? A. Yes, sir.
"Q. Husband dead? A. No.
"Q. Divorced? A. Yes."

That trial being one for a felony, defendant was
necessarily present and he, as well as his counsel,
heard plaintiff's testimony quoted above. He could
not therefore have been surprised by her repeating
it four months later at the trial of the present case.
But it may be urged, even though this be true, since
defendant alleged in his motion for new trial that
he could produce evidence, if it were granted, show-
ing that plaintiff was a married woman during all
these times, it was error to deny the motion, notwith-
standing he might not have been surprised by her
testimony as to the divorce.

This court is bound by the record. The certified
copies of the records of the Georgia court which de-
fendant promised to produce are not before us, and
on the point at issue we have only the affidavit of
defendant, based upon information and belief, to the
effect that plaintiff is a married woman, and the
affidavit of the plaintiff, also based upon information
and belief, that she is not. Nothing further bearing
on the question can be found in the record, except
the action of the trial court in overruling the motion.

Forty-eight days elapsed between the filing of the motion and its denial. We must assume from this record that defendant was unable in that time to produce sufficient evidence before the trial court to convince it that the matters set forth in his affidavit in regard to plaintiff's marriage were true, or that he could substantiate his affidavit by legal evidence if a new trial should be granted, and apparently he asked no extension of time to obtain such evidence. The presumption is that the trial court ruled properly in denying the motion for a new trial unless the record shows affirmatively that such action was incorrect. *Pharr* v. *Atlanta & C. Airline Ry. Co.,* 132 N. C. 418, 44 S. E. 37; *Wyckoff* v. *Pajaro Valley Con. R. Co.,* 146 Cal. 681, 81 Pac. 17; *Westphal* v. *Nelson,* 25 S. D. 100, 125 N. W. 640; *Hunt* v. *Ancient Order of Pyramids,* 105 Mo. App. 41, 78 S. W. 649; *Texas Farm & Land Co.* v. *Story* (Tex. Civ. App.), 43 S. W. 933.

Since there is nothing in the record to raise a doubt as to the correctness of the decision of the lower court on the motion for new trial, and its rulings on the requested instructions were proper, the judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.