[Civil No. 1106.   Filed April 2, 1910.]

[108 Pac. 240.]

SOUTHERN PACIFIC COMPANY, a Corporation, Defendant and Appellant, v. KATHERINE HOGAN, Plaintiff and Appellee.

1. CARRIERS—PASSENGERS—CARE REQUIRED.—A railroad company must exercise the highest degree of care practicable in carrying passengers.

2. SAME — SAME—INJURIES — ACTION — PRESUMPTION — NEGLIGENCE.— Where a passenger is injured by derailment or collision of a train, there is a presumption of negligence by the company, requiring evidence to rebut it.

3. SAME—SAME—SAME—ALLEGATIONS OF NEGLIGENCE — SUFFICIENCY.—
An allegation that, while plaintiff was a passenger on defendant's
train, the car in which she was was thrown from the track and
dragged along on its side, averred facts raising a presumption of
negligence by the company.

4. SAME — SAME—SAME—INSTRUCTIONS—REQUESTS—BURDEN OF PROOF.
In an action for injuries to a railroad passenger by the derailment
of a coach, it is not reversible error to refuse to instruct that neg-
ligence was the gist of the action, and plaintiff had the burden of
proving it by a preponderance of the evidence, where the court
charged that defendant was not required to show want of negligence,
but plaintiff must establish her case by a preponderance of the evi-
dence, and, unless she showed by a preponderance that she was
injured by defendant's negligence, the verdict should be for it.

5. TRIAL—INSTRUCTIONS—REQUESTS—INSTRUCTIONS ALREADY GIVEN.—
It is not prejudicial error to refuse an instruction, where the court
has elsewhere correctly instructed substantially as requested.

6. SAME—SAME—TRIAL—ERROR CURED BY SUBSEQUENT INSTRUCTIONS.—
In a passenger's action for injuries, the court charged that, in con-
sidering its instruction "that the plaintiff must establish her case by
a preponderance of the evidence, you should keep in mind that rule
I have given you of the presumption of negligence from the evidence
showing that an accident occurred," and further instructed that the
jury must put the facts and circumstances proved by defendant
into the scale against the presumption of negligence, and in deter-
mining the weight to be given the facts proved should apply the
rule that the burden is upon plaintiff, and if, on the whole, the scale
does not preponderate against defendant's proof, plaintiff has not
made out her case.  *Held,* that defendant could not have been preju-
diced by the quoted part of the charge in view of that following.

7. SAME—SAME—PROVINCE OF JURY—WEIGHT OF EVIDENCE.—The court
cannot instruct as to the weight the jury should give to any part of
the evidence.

8. APPEAL AND ERROR—VERDICT—CONCLUSIVENESS.—If there is substan-
tial evidence to support jury findings, the supreme court will not
pass upon the weight of the evidence or the credibility of the wit-
nesses.

APPEAL from a judgment of the District Court of the
First Judicial District, in and for Pima County.   John H.
Campbell, Judge.   Affirmed.

The facts are stated in the opinion.

Frank Cox and Francis M. Hartman, for Appellant.

"In any action for damages resulting from negligence, it is
essential to the statement of a cause of action that negligence

on the part of the defendant be alleged, and if the allegation be denied, it must be proved by the plaintiff by a preponderance of the evidence.'' *Valente* v. *Sierra Ry. Co. of California,* 151 Cal. 534, 91 Pac. 482; 1 Estee's Pleading, par. 327; *Roseworn* v. *Washington,* 84 Cal. 219, 23 Pac. 1035; *House* v. *Meyer,* 100 Cal. 592, 35 Pac. 308. The burden of proof is not upon the defendant, and therefore if the evidence upon the issue of negligence does not preponderate on either side, the defendant is entitled to a verdict. *Mexican Central Ry. Co.* v. *Lauricella,* 87 Tex. 277, 47 Am. St. Rep. 103, 28 S. W. 277. ''Where there is no proof of negligence except the mere inference or presumption arising from an accident, and this is overcome by positive, undisputed and unimpeachable testimony, there is no question of the preponderance of the evidence, and nothing for the jury to decide.'' *Goss* v. *Northern Pacific R. Co.,* 48 Or. 439, 87 Pac. 149; 4 Elliott on Railroads, par. 1634, and cases. To entitle a plaintiff to recover present damages for apprehended future consequences, there must be such a degree of probability of their recurring as amounts to a reasonable certainty that they will result from the original injury. *Strohm* v. *New York etc. R. R. Co.,* 96 N. Y. 306; *Curtis* v. *Rochester & Syracuse R. R. Co.,* 18 N. Y. 541, 75 Am. Dec. 258; *Filer* v. *New York C. R. R. Co.,* 49 N. Y. 45; *Clark* v. *Brown,* 18 Wend. (N. Y.) 229; *MacGregor* v. *Rhode Island Co.,* 27 R. I. 85, 60 Atl. 761; *Brown* v. *Chicago etc. Ry. Co.,* 12 N. D. 61, 102 Am. St. Rep. 564, 95 N. W. 153, 31 Ann. Cas. 783.

Owen T. Rouse, for Appellee.

The allegations stated in the complaint were sufficient to state a cause of action against the defendant. *Bonce* v. *Dubuque St. R. Co.,* 53 Iowa, 278, 36 Am. Rep. 221, 5 N. W. 177; *New Jersey R. Co.* v. *Pollard,* 22 Wall. (U. S.) 341, 22 L. Ed. 877; *Stokes* v. *Saltonstall,* 13 Pet. (U. S.) 181, 10 L. Ed. 115. The mere fact of a train running off the track is *prima facie* evidence of negligence. 2 Shearman & Redfield on Negligence, 4th ed., sec. 516; *Lemon* v. *Chanslor,* 68 Mo. 340, 30 Am. Rep. 799; *McKinney* v. *Neil,* 1 McLean C. C. 540, Fed. Cas. No. 8865; *Meier* v. *Pennsylvania R. R. Co.,* 64 Pa. 225, 3 Am. Rep. 581.

DOAN, J.—This is an appeal from a judgment for $3,250 rendered upon a verdict of a jury for that amount in a suit brought in the district court of Pima county by the appellee herein against the appellant.   On June 14, 1905, Katherine Hogan was a passenger in a car that was part of a train on a railroad of the defendant company, en route from Tucson, Arizona, to Kansas City, Missouri.   While a passenger on that train, the car in which Miss Hogan was riding was (with some others of the train) derailed at a switch about thirty-five miles east of Tucson.   The plaintiff was bruised on the left hip, and otherwise injured.   She brought an action for damages because of these injuries against the appellant company in May, 1906.   The action was tried to a jury, and a verdict for $3,000 was set aside by the judge of the trial court, and a new trial granted.   The case was again tried to a jury on the eighth day of June, 1908, and a verdict returned against the company for $3,250, on which judgment was rendered, and a motion by the defendant for a new trial was denied.   From this judgment and the denial of the motion for a new trial, the defendant has prosecuted this appeal.

The defendant filed a general demurrer to the complaint of the plaintiff, and, while the record does not clearly disclose whether this demurrer was urged by the defendant, the same legal question is presented under objection by defendant to testimony being admitted under the complaint on the ground that the complaint did not state facts sufficient to constitute a cause of action.   It is urged by the appellant that the complaint does not state a cause of action, and is therefore insufficient to authorize the introduction of testimony because of its failure to charge negligence on the part of the company.   The only part of the complaint that alleges or tends to allege negligence reads as follows: "That while plaintiff was such a passenger on the said train, in the said car on the day aforesaid, at a point in said Arizona, . . . the said car of the said train in which plaintiff was then seated was thrown from the track, and thrown onto its side, and dragged along on its side a great distance; that by reason of said throwing of said car, and the dragging along on the ground as aforesaid, plaintiff was thrown about said car, and against the sides thereof, and was greatly bruised and injured."   As a common carrier

of passengers, the railroad is bound to exercise the highest degree of care practicable under the circumstances. *Clerc* v. *Morgan La. R. R.*, 107 La. 370, 90 Am. St. Rep. 319, 31 South. 886; *Stokes* v. *Saltonstall*, 13 Pet. 181, 10 L. Ed. 115; *Railroad* v. *Pollard*, 22 Wall. 341, 22 L. Ed. 877; *Bonneau* v. *North Shore R. Co.*, 152 Cal. 406, 125 Am. St. Rep. 68, 93 Pac. 106. The authorities nearly all agree that when a passenger is injured by the derailing of a train, or by its wreck, or by a collision with some other train or agency, there is a presumption of negligence on the part of the road operating said train that requires an introduction of evidence on the part of defendant to overcome or rebut. *Denver R. R. Co.* v. *Woodward*, 4 Colo. 1; *Peoria R. R. Co.* v. *Reynolds*, 88 Ill. 418; *Pittsburgh R. R. Co.* v. *Williams*, 74 Ind. 462; *Seybolt* v. *N. Y. R. R. Co.*, 95 N. Y. 562, 47 Am. Rep. 75; *Bergen R. R. Co.* v. *Demarest*, 62 N. J. L. 755, 72 Am. St. Rep. 685, 42 Atl. 729. Numerous authorities supporting the above rule are collated in a valuable note to *Overcash* v. *Charlotte Electric Ry. Light & Power Co.*, 144 N. C. 572, 57 S. E. 377, 12 Ann. Cas. 1040.

Under this general rule, it would appear that, if the allegations in the complaint in this case are equivalent to an allegation of derailment or wreck, they would be sufficient to raise the presumption of negligence, which, with the other allegations in the complaint, would be sufficient to constitute a cause of action. In line with these authorities, the United States supreme court in the case of *Stokes* v. *Saltonstall, supra,* held with reference to a stage-coach, a common carrier of passengers at that time, that the fact that the coach was upset was *prima facie* evidence of negligence and carelessness. This case was afterward approved and followed by the same court in *Railroad* v. *Pollard, supra,* and the court there applied the same rule to a railroad train. The above rule is predicated upon the theory that "when a railway car is thrown from the track, and a passenger is thereby injured, the presumption is that the accident resulted either from the fact that the track was out of order, or the train badly managed, or both combined, and the burden is on the company to show that it was not negligent in any respect." The complaint in the case at bar has charged facts that raise a presumption of negligence, which would suffice to put the defendant upon answer and proof, and are therefore sufficient to bring it within the fore-

going rule.   The appellant cites the case of *Valente* v. *Sierra Ry. Co.*, 151 Cal. 534, 91 Pac. 481, in support of this assignment.   This is an interesting case, but does not sustain the position of the appellant on this issue.   The court in that case cites the rule set forth in Shearman & Redfield on Negligence, paragraph 59: "When a thing which causes injury is shown to be under the management of the defendant and the accident is such as, in the ordinary course of things, does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care"; and says: "In accord with this doctrine, it is the rule in this state that when such an accident is shown by the plaintiff, or admitted by the pleadings, for there can be no difference in effect between the establishment of the fact by evidence on the trial and the admission of that fact by the pleadings, a *prima facie* case of negligence on the part of the defendant is made, which is sufficient to call upon the defendant to show the exercise of the requisite care, and thus offset the presumption of negligence arising from the happening of the accident."   This case is cited and approved by the same court in *Bonneau* v. *North Shore Co.*, 152 Cal. 406, 125 Am. St. Rep. 68, 93 Pac. 106.

The appellant urges that "the court erred in refusing to set aside the verdict of the jury, for the reason that the said verdict was contrary to the evidence and not sustained thereby, for the reason that there was no proof of negligence on the part of the defendant, and the presumption of negligence was rebutted by the defendant."   The record discloses no proof of negligence by the plaintiff other than the proof of the derailment and wreck.   The testimony of several witnesses was introduced by the defendant to establish the good condition of the track, and the careful handling of the train, but whether the testimony of these witnesses was sufficient to rebut the presumption of negligence arising from the facts proven was a question of fact for the jury, and would depend upon the weight given by the jury to the testimony of the witnesses, the effect, as considered by the jury, of facts and circumstances surrounding or attending the derailment of the train, and on this issue the jury has found against the appellant.

It is next urged by the appellant that "the court erred in refusing to set aside the verdict of the jury for the reason that the amount of damages assessed by the jury was and is excessive; that the amount of damages awarded to the plaintiff was not warranted by the evidence in the case, and indicates that the same was rendered by the jury under the influence of passion or prejudice." We would from the evidence feel inclined to that view of the case were it not that the record discloses that the trial court set aside on this ground a verdict for $3,000 rendered one year prior thereto, and that on this occasion the same judge presided, heard the testimony, saw the plaintiff, had an opportunity to form an opinion as to the probable permanent result of the injury, took the motion for a new trial on these grounds under advisement, and, after a careful consideration of the case, denied the motion. We think that he was thoroughly advised in the premises, and had opportunities for arriving at a proper conclusion of which we cannot avail ourselves, and we therefore decline to overrule his determination of this question.

It is next argued that the court erred in refusing to instruct the jury, at the request of the defendant, as follows: "You are instructed that negligence is the gist of the plaintiff's action in this case, and that the plaintiff has a burden on her part of proving negligence by the preponderance of the evidence." The refusal to so instruct the jury in this case would be reversible error if the same, or an equivalent, instruction had not been elsewhere given, but the court elsewhere charged the jury: "The jury is instructed, as a matter of law, that the defendant is not required to show want of negligence by a preponderance of evidence. . . . The plaintiff must establish her case by a preponderance of the evidence, and, unless the plaintiff has shown by a preponderance of the evidence that she was injured by the negligence of the defendant, then your verdict should be for the defendant." It is not prejudicial error to refuse a requested instruction when the court has elsewhere correctly given substantially the declaration of the law thus requested. *Title Guaranty & Surety Co.* v. *Nichols,* 12 Ariz. 405, 100 Pac. 825.

It is next urged that the court erred in adding to its instruction on the preponderance of evidence the following: "In considering the last sentence, that the plaintiff must estab-

lish her case by a preponderance of the evidence, you should, of course, keep in mind that rule that I have given you of the presumption of negligence from the evidence showing that an accident occurred.'' We find that the court followed the language cited with the words: ''The jury are bound to put the facts and circumstances proved by the defendant into the scale against the presumption upon which the plaintiff relies, and, in determining the weight to be given to the former as against the latter, you are bound to apply the rules as a matter of law that the burden of proof is upon the plaintiff, and if, on the whole, the scale does not preponderate in favor of the presumption, and against the defendant's proof, the plaintiff has not made out her case, and your verdict should be for the defendant.'' This language in the connection in which it was used seems to protect the defendant against any prejudicial effect of the language complained of.

The instructions in the case, taken as a whole, appear to present the law correctly to the jury, and to have been as favorable to the defendant as it could require. This is apparent from the last assignment of error, wherein it is urged that ''the court erred in refusing to set aside the verdict and to grant the defendant a new trial for the reason that said verdict was contrary to the instructions of the court.'' This position could only be maintained by conceding the construction placed by the appellant upon the evidence in the case. The court properly instructed the jury relative to the manner of considering the evidence, but it could not instruct the jury in regard to the weight they should give any part of the evidence offered by the witnesses for either the plaintiff or the defendant, and it was because of the difference between the jurors and the defendant in regard to the weight of certain testimony or the legitimate effect of certain facts or circumstances established by undisputed testimony that a verdict was found by the jury that was unsatisfactory to the appellant. The jury returned a verdict that they had evidently agreed upon because they either failed to credit entirely the oral testimony of the witness or declined to believe the effect of the facts established by such testimony to be such as witnesses or appellant claimed. This was their province, and, while the court may differ with the jury as to the relative weight or effect of conflicting evidence, it will never set aside a verdict

of a jury when there is any substantial evidence in the record to support the jury's findings. There being substantial evidence in the record to support the finding of the jury, this court will not pass upon the weight of the evidence, or the credibility of the witnesses.

There appears in the record no reversible error, and the judgment of the lower court is affirmed.

KENT, C. J., and LEWIS and DOE, JJ., concur.

NOTE.—As to presumption of negligence from injury to passenger, see note to *Barnonski* v. *Nelson* (Mich.), 15 L. R. A. 35.