ROBERT J. STEWART *v.* BARRE & MONTPELIER POWER & TRACTION COMPANY.

May Term, 1920.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed October 5, 1920.

*Carriers—Negligence—Res Ipsa Loquitur—Accident and Consequent Injury Make Prima Facie Case—Right to Rely on Res Ipsa Loquitur not Barred by Pleading Specific Act of Negligence—Request to Charge—Duty of Carrier to Inspect—Testimony of Injured Plaintiff That He Could Not Resume Trade not Opinion.*

1.  Where a pole supporting one end of a span wire extending across defendant's street-car track fell and injured a passenger on defendant's car, the maxim *res ipsa loquitur* applied; and proof of the cause of the injury and the attending circumstances raised the presumption of negligence on the part of the defendant, in the absence of evidence that the accident happened without its fault.

2.  In such case, the fall of the pole and consequent injury to the plaintiff made a *prima facie* case, which entitled him to go to the jury.

3.  If a case is one for the application of the doctrine of *res ipsa loquitur*, the plaintiff, by pleading specific acts of negligence, does not lose his right to rely upon it.

4.  A request to charge that the defendant had the right to rely on the sufficiency of the pole to support the span wire as it had always done, unless there was something to call defendant's attention to its sufficiency, was properly refused, as it omitted the duty of inspection.

5.  The question asked the plaintiff, a stone cutter, if he would ever be able to resume his trade if his disabled arm remained the same as it then was, was not objectionable as calling for opinion evidence.


ACTION OF TORT for negligence. · Plea, the general issue. Trial by jury at the March Term, 1919, Washington County, *Fish*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*Gleason & Willcox* for the defendant.

*John W. Gordon* for the plaintiff.

MILES, J. This is an action of tort to recover for an alleged injury caused by the negligence of the defendant. The injury was received while the plaintiff was riding on the defendant's car in the city of Barre, and was caused by the fall of one of the company's poles that supported one end of a span wire that extended across the track and street to another pole to which it was attached. The car in which the plaintiff was riding at the time of the injury was a special double truck car, having two trolley poles, and when in motion the trolley pole pointing in the direction the car was moving was fastened to the top of the car, and the end of the pole projected slightly beyond the end of the car. This car was much heavier than the single truck car that was regularly used to run over that line, and required more energy to propel it. When the pole fell it broke the window near where the plaintiff sat, and caused the injury complained of.

At the close of the evidence the defendant moved for a directed verdict in its favor, on the ground that the evidence, considered in the light most favorable to the plaintiff, had no tendency to show that the defendant was negligent, and that the negligence was the proximate cause of the plaintiff's injury. To the overuling of this motion the defendant was allowed an exception. This exception presents the principal question in the case.

[1]    That the pole fell and caused the injury complained of is not disputed, and that the negligence of the plaintiff in no way contributed to his injury is also undisputed. The case shows beyond question that the plaintiff was a passenger upon the defendant's car at the time of the injury, and that the car upon which he was riding and the pole that fell were under the control and management of the defendant at the time of the accident, and the accident was such as in the ordinary course of things does not happen when those having the care, management, and control of the instrumentality causing the injury have exercised due care in its management and control in regard to the safety of others. The case is one for the application of the maxim *res ipsa loquitur*. The proof of the cause of the injury and the other circumstances attending the accident raised the presumption of negligence, in the absence of evidence showing that it happened without the fault of the defendant. *Moore* v. *Grand Trunk Ry. Co.*, 93 Vt. 383, 108 Atl. 334; *Houston* v. *Brush*, 66 Vt. 331, 29 Atl. 380; *Houser* v. *Cumberland & P. R. Co.*, 80 Md. 146, 30 Atl. 906, 45 A. S. R. 332, 27 L. R. A. 154; *Desmarchier* v. *Frost*, 91 Vt. 138, 99 Atl. 782; *Burghardt* v. *Detroit United Ry.*, 206 Mich. 545, 173 N. W. 360, 5 A. L. R. 1333, and note; *Hull* v. *Street R. Co.*, 217 Mass. 361, 104 N. E. 747, 5 A. L. R. 1330, and note; 20 R. C. L. 188, par. 157, and cases cited in note 12; Id. 191, par. 158.

[2]    In these circumstances the fall of the pole and consesequent injury of the plaintiff made out a *prima facie* case, which entitled him to go to the jury, and forced upon the defendant the necessity of introducing evidence to offset its effect. The defendant, recognizing this principle, introduced evidence tending to show that the fall of the pole was the result of a heavy shower between five and six o'clock of the afternoon preceding the accident and the rain following the shower. The plaintiff introduced evidence contradicting the defendant's evidence tend-

ing to show that the accident was the result of the shower and rain, but was the result of the rotten condition of the pole, and the added strain exerted upon it by the increased energy required to propel the special car up the grade where the accident happened.

[3]    It is suggested, and some of the authorities go to the extent of holding that the plaintiff, by merely alleging specific acts of negligence, precludes any right whatever to rely upon the doctrine *res ipsa loquitur,* while other authorities, and we think the weight of authority, hold that, if the case is one for the application of the doctrine, the plaintiff by pleading the particular cause of the accident in no wise loses his right to rely upon it.    Our own case of *Moore* v. *Grand Trunk Ry. Co., supra,* supports the latter view.    It is there held: "While the principle is of limited application, the unsuccessful attempt of the plaintiff to show the precise act of negligence did not prevent him from relying upon the doctrine of the maxim."    To the same effect is 20 R. C. L. 185, par. 156, and the cases cited in *Moore* v. *Grand Trunk Ry. Co., supra.*    The plaintiff's declaration is not before us; but, assuming that it contains the allegation substantially as the plaintiff's evidence tended to show, it would not defeat the plaintiff's right to rely upon the *prima facie* case made by the unexplained occurrence of the accident.    The inference of defendant's negligence arose when the plaintiff gave evidence tending to show the fall of the pole with its attending circumstances, and the fact that the cause of the fall was in dispute on the trial, or that the plaintiff alleged a precise act of negligence and failed to establish it with his proof, did not prevent the plaintiff from relying upon the *prima facie* case already established, in opposition to the defendant's motion for a directed verdict.

[4]    The defendant requested the court to charge, among other things, as follows: "That persons charged with a duty in relation to a particular matter have a right to rely upon the sufficiency of such a structure or contrivance as has been in fact safely used for a particular purpose, and in this case the defendant had the right to rely on the sufficiency of the pole to support the span wire as it had always done, unless there was something to call the attention of the defendant to its insufficiency."    This request overlooks the duty of inspection, which in this instance was a sufficient reason for denying the request,

and there was no error in the court's refusal to charge as requested.

The fourth exception was to the refusal of the court to grant the defendant's motion to set aside the verdict. The grounds upon which the motion is based are substantially the same as those upon which the motion for a directed verdict was based. The disposition of the latter motion disposes of the former, except as to the ground, that the damages were excessive. Nothing has been called to our attention whereby we can say that error was committed in that regard.

[5]    The defendant excepted to the admission of the following question to the plaintiff: "If your arm remains the same, substantially as it is now, will you ever be able to resume your trade?" The witness answered, "No". The ground of the objection and exception was that the question called for the witness' opinion. The objection and exception is without merit. The question did not call for opinion evidence. The plaintiff's trade was that of a stone cutter, and he, of all persons, knew whether with his disabled arm he could perform the work required in that trade, and the question was well within the evidence tending to prove that there would be no further improvement in the condition of the injured arm.

*We find no error in the proceedings below, and the judgment is affirmed.*