[Civ. No. 4951.  First Appellate District, Division Two.—August 30, 1924.]

## D. W. MANSFIELD, Respondent, v. PICKWICK STAGES, NORTHERN DIVISION, INC., Appellant.

[1] NEGLIGENCE—AUTOMOBILE STAGE ACCIDENT—INJURY TO PASSENGER —RES IPSA LOQUITUR—PLEADING—EVIDENCE—INSTRUCTIONS.—In an action for damages for personal injuries alleged to have been sustained by plaintiff as a result of the alleged negligence of the de-

---

1. Application of doctrine of *res ipsa loquitur* to automobile accidents, notes, 5 A. L. R. 1240; 12 A. L. R. 668. See, also, 3 Cal. Jur. 955, 964; 20 R. C. L. 184.

fendant automobile stage company in operating one of its busses upon which plaintiff was a passenger, where plaintiff does not plead specific acts of negligence, but pleads the facts in such manner as to bring them within the application of the doctrine of *res ipsa loquitur*, and plaintiff's proof does not attempt to explain the reason for the accident, but is confined to a description of the topography of the country where the accident happened, the situation of the stage after the accident, the course it pursued down the gulch and similar matters, instructions predicated upon the doctrine of *res ipsa loquitur* are properly given.

[2] ID. — EXPLANATION OF ACCIDENT — INFERENCE OF NEGLIGENCE. — Proof of the derailment of a train, or of an automobile leaving the highway and going into a gulch, or other similar accident, calls for an explanation by the defendant or a possible inference of negligence upon its part.

(1) 10 **C. J.**, p. 1028, sec. 1427, p. 1029, sec. 1427 (Anno.).
(2) 10 **C. J.**, p. 1025, sec. 1426, p. 1038, sec. 1434.

APPEAL from a judgment of the Superior Court of Monterey County. J. A. Bardin, Judge. Affirmed.

The facts are stated in the opinion of the court.

Barry J. Colding, Theodore Hale, A. E. Warth and B. P. Gibbs for Appellant.

Reisner & Honey for Respondent.

LANGDON, P. J.—This is an appeal by the defendant Pickwick Stages from a judgment against it for seven thousand dollars for personal injuries alleged to have been sustained by plaintiff as a result of the alleged negligence of defendant in operating one of its busses upon which plaintiff was a passenger.

The points made by the appellant with relation to the alleged insufficiency of the complaint to properly plead negligence and the action of the trial court in giving certain instructions were considered by this court in two cases arising out of the same accident, this day decided by this court. (*Lawrence* v. *Pickwick Stages, ante,* p. 494, and *Leitert* v. *Pickwick Stages, ante,* p. 504 [229 Pac. 885, 889].) The portions of the records bearing upon these contentions are identical in the three cases.

[1] It is also contended by the appellant that the doctrine of *res ipsa loquitur* does not apply to this case and, therefore, the instruction upon that phase of the case was erroneous. This position is taken because it is asserted that the plaintiff did not rely upon the mere happening of the accident as permitting an inference of negligence, but introduced evidence tending to prove specific acts of negligence to explain the accident. Authorities are cited to the general effect that if plaintiff relies upon specific acts of negligence, he may not, at the same time, have the benefit of any possible inference of negligence arising from the mere happening of the accident. The plaintiff did not plead specific acts of negligence. He pleaded the facts in such a manner as to bring them within the application of the doctrine of *res ipsa loquitur* (*Lawrence* v. *Pickwick Stages,—supra*). But appellant contends that the proof went into the matter of specific acts of negligence, thus precluding plaintiff from having the benefit of the doctrine upon which the jury was instructed. We have carefully read the portions of the testimony offered by plaintiff upon which appellant relies to support its contention, but we fail to find therein any testimony attempting to explain the reason for the accident. The nature of the damage to the automobile bus was attempted to be proven upon the theory that it would indicate, somehow, the cause of the accident, but that testimony was objected to and was not introduced. Plaintiff's testimony was confined to a description of the topography of the country where the accident happened, the situation of the stage after the accident, the course it pursued down the gulch and similar matters, all of which would seem to make more apparent that the accident speaks for itself. In other words, proof of the derailment of a train or of an automobile leaving the highway and going into a gulch, or other similar accident, calls for an explanation by the defendant or a possible inference of negligence upon its part. Additional proof that the topography of the country and the general surroundngs were such that no reason arose thereby to explain the accident merely goes further than necessary in creating a situation which calls for explanation; but there is nothing in the record which should take from plaintiff

his right to have the jury infer negligence from the happening of the accident under the circumstances in evidence. The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.