· [Civil No. 3276.   Filed October 4, 1934.]

[36 Pac. (2d) 168.]

PICKWICK STAGES CORPORATION, a Corporation, and H. A. LORANG, Appellants, v. H. J. MESSINGER, Appellee.

Messrs. Armstrong, Kramer, Morrison & Roche, for Appellants.

Mr. H. H. Baker and Mr. P. T. Robertson, for Appellee.

McALISTER, J.—This is an appeal by the Pickwick Stages Corporation and H. A. Lorang from a judgment in favor of H. J. Messinger, plaintiff below, for personal injuries resulting from an accident which occurred while he was a passenger on one of the stages of the defendant, Pickwick Stages Corporation, and is alleged to have arisen out of the negligent

operation thereof. For convenience the parties will be referred to as plaintiff and defendants.

The Pickwick Stages Corporation was engaged in the business of transporting passengers in motor vehicles through the states of Arizona and California, and, particularly, through the city of Phoenix, Arizona, and the town of Holtville, California. The record discloses that on December 4, 1928, the plaintiff purchased for $6.10 a ticket from the defendant, Pickwick Stages Corporation, at Phoenix, Arizona, entitling him to passage in one of its motor vehicles from that city to Holtville. The stage he boarded was being driven by the defendant, H. A. Lorang, and when it reached a point about four miles east of Mohawk, Yuma county, Arizona, on the state highway, it ran into and collided with the rear end of a car going in the same direction and being driven by one Morris L. E. Williams. The collision was so severe that the bottom of the bus, the iron part of it, came down on the center of the road, its front wheels were knocked off, a great gutter for about thirty feet was plowed in the road, and the car driven by Williams was overturned twice and badly crushed.

The plaintiff charged negligence by the defendants in the following language:

"The defendant did then and there negligently, carelessly, and wantonly operate, drive and propel the said motor vehicle at, into, and against the automobile then being driven by Morris L. K. Williams; and did then and there drive said vehicle at a careless and imprudent speed greater than was reasonably proper and safe, and without having due regard to the traffic, surface and width of the highway, and any other conditions then and there existing, and did so drive said vehicle upon said highway at such a speed, to-wit, at 50 miles an hour, as to endanger the life and limb of plaintiff, and did then and there drive said vehicle upon such highway at said time

and place at a speed of 50 miles an hour, and paragraph 1587 of the code of 1928 of the laws of the state of Arizona declares; that at such place any person driving a vehicle on a highway shall drive at a careful and prudent speed not greater than is reasonable, . . . and under no circumstances at a speed greater than 35 miles an hour."

In the succeeding paragraph the complaint alleges that because of the "said" negligent, careless and wanton operation of the motor vehicle and the driving of it into and against the automobile driven by Williams, a collision occurred whereby he was badly injured. Then follows a detailed statement as to the nature and extent of his injuries which, it is averred, caused him "great pain and suffering for several weeks" after the accident, and up to the filing of the complaint in January, 1930, subjected him following the performance of any ordinary, normal labor to pain so great that it prevented him from further physical labor for a long space of time afterwards. The plaintiff secured a judgment for $3,000 based upon a verdict for that sum and defendants have brought it here for review.

Some six errors are assigned and, according to the defendants, they involve an equal number of propositions of law. The first and main assignment is that the court erred in giving the following instruction:

"In the case of a carrier of passengers, gentlemen, I instruct you that the carrier must exercise the highest degree of care practicable under the circumstances to protect its passengers, and when a passenger is injured by a collision with any agency, the law raises a presumption of negligence on the part of the operator of the carrier—of the car of the carrier that requires the introduction of evidence on the part of the defendant to rebut, so in this case, if you find, from a preponderance of the evidence,

that the plaintiff was a passenger on the defendant's stage, and that while he was such passenger an accident occurred by reason of the collision between the stage and some other object, and the plaintiff was injured, you must find on that question of negligence in favor of the plaintiff.''

It is the contention of the defendants that the allegations of the complaint set forth only specific acts of negligence and, hence, that the doctrine of *res ipsa loquitur* has no application; that having alleged certain specific acts on the part of the defendants as the cause of his injuries he must rely upon proof of those and is not permitted to bring to his aid a presumption of negligence or the rule, ''*res ipsa loquitur*,'' a doctrine, it is said, applicable only when a general allegation of negligence has been pleaded, and not otherwise.

It will be observed from the excerpt just quoted that the complaint attributes to the defendants both general and specific negligence, but it does this in the same paragraph or count and the respective allegations are so connected that they amount to an averment of specific negligence. While the first allegation, namely, that the ''defendants did then and there carelessly, negligently and wantonly operate, drive and propel the said motor vehicle at, into and against his automobile then being driven by Morris L. K. Williams,'' is general, the second and third, in reality one, are specific. They allege in substance that the operator of the bus drove it at a speed greater than was reasonably proper and safe in view of the conditions existing and confronting him at the time, namely, fifty miles an hour, a speed that endangered the life and limb of plaintiff and violated the provisions of section 1587, Revised Code of 1928, limiting the speed of motor cars on the highway to thirty-five

miles per hour. The effect of this is to limit the first allegation in such a way that the three, fairly interpreted, amount to an averment that plaintiff's injuries were caused by Lorang's driving the stage against the car driven by Williams at a rate of speed that was, in view of the situation confronting him at the time, excessive, fifty miles per hour, and at all events in violation of the statute limiting the speed of cars on the highway to thirty-five miles per hour. These allegations, therefore, must be treated as specific only, *Schaff* v. *Sanders,* (Tex. Civ. App.) 257 S. W. 670, hence, the plaintiff's right to invoke the rule, *res ipsa loquitur,* depends upon two considerations: First, whether the averments are such as to render this doctrine applicable, and, second, whether by virtue of such an allegation, he has deprived himself of the right to claim the benefit of it.

The maxim *res ipsa loquitur* is merely a rule of evidence in negligence cases and literally interpreted means "The thing itself speaks." In other words, the fact that an accident has occurred may form a basis upon which a *prima facie* case of negligence may be predicated so that, instead of being required to prove the acts of negligence leading up to the accident, the plaintiff may rely upon this rule as proof of the acts necessary to establish a *prima facie* case. Having shown an accident within the scope of the rule, the presumption of negligence arises from the fact of occurrence alone. *Burghardt* v. *Detroit United Ry.,* 206 Mich. 545, 173 N. W. 360, 5 A. L. R. 1333; *Lyon* v. *Chicago, M. & St. P. Ry. Co.,* 50 Mont. 532, 148 Pac. 386. "The term," states the court in *Boyd* v. *Portland Electric Co.,* 40 Or. 126, 66 Pac. 576, 577, 57 L. R. A. 619, "implies, that the happening of an accident under certain circumstances is of itself *prima facie* evidence of negligence," because

in the light of experience an accident of the nature of those to which the rule applies does not normally occur if due care is exercised. *Burghardt* v. *Detroit United Ry., supra.*

Ordinarily, the mere fact that an accident has occurred does not *per se* raise a presumption of negligence though the circumstances may be such as to imply it in the absence of a showing to the contrary. Where, for instance, the evidence shows absolute control by the defendant of the instrumentality causing the injury and the accident is such as in the ordinary course of events does not happen if those who have control use proper care, it is reasonable to presume, in the absence of an explanation by the defendant, that the accident occurred because of a lack of proper care. *Francisco* v. *Circle Tours Sightseeing Co.,* 125 Or. 80, 265 Pac. 801. A plaintiff, after he has shown the relation of passenger and railroad carrier between himself and the defendant, a wreck and his injury resulting therefrom, may rest and rely upon the doctrine of *res ipsa loquitur* to prove *prima facie* that the accident happened through the negligence of the defendant. *Southern Pacific Co.* v. *Hogan,* 13 Ariz. 34, 108 Pac. 240, 29 L. R. A. (N. S.) 813. When this has been done, the defendant who desires to remove the inference of guilt flowing therefrom may explain it, and, if he is able to do so, cause the weight of the evidence upon the question of negligence to shift to him from the plaintiff, whereupon the latter may rebut the explanation by evidence. The burden of proving negligence, however, never shifts but rests at every stage of the case upon the party alleging it. *Plumb* v. *Richmond Light & R. Co.,* 233 N. Y. 285, 135 N. E. 504, 25 A. L. R. 685.

The doctrine of *res ipsa loquitur* has been applied to many different situations other than those of

derailment or other train accidents, however, among which are these: (1) Rear-end collisions between stages engaged in carrying passengers and other vehicles which happen in such a way as to render the occurrence improbable, except upon the theory of the negligence of the driver in the rear (*Gornstein* v. *Priver,* 64 Cal. App. 249, 221 Pac. 396; *Washburn* v. *R. F. Owens Co.,* 252 Mass. 47, 147 N. E. 564)·; (2) other collisions between a bus and another vehicle (*Crozier* v. *Hawkeye Stages,* 209 Iowa 313, 228 N. W. 320; *Kilgore* v. *Brown,* 90 Cal. App. 555, 266 Pac. 297; *Malone* v. *Greyhound Lines,* (Mo. App.) 22 S. W. (2d) 199); (3) a car leaving the road and turning into a ditch, the situation .thus created being similar to that of the derailment of a train (*Lawrence* v. *Pickwick Stages,* 68 Cal. App. 494, 229 Pac. 885; *Mansfield* v. *Pickwick Stages, Northern Division, Inc.,* 68 Cal. App. 507, 229 Pac. 890; *Francisco* v. *Circle Tours Sightseeing Co., supra; Bower Auto Rent Co.* v. *Young,* (Tex. Civ. App.) 274 S. W. 295); (4) a car overturning upon the road (*Seney* v. *Pickwick Stages, Northern Division,* 82 Cal. App. 226, 255 Pac. 279). The act with which defendants are charged is that Lorang drove the stage in which plaintiff was a passenger against the car driven by Williams, carelessly, negligently, at an excessive rate of speed, fifty miles an hour, and in violation of section 1587, Revised Code of 1928, limiting the speed of cars on the public highway to thirty-five miles an hour. In other words, while attempting to pass the car of Williams going in the same direction, he drove the stage into and collided with the rear end thereof, resulting in the plaintiff's injury. In *Atkinson* v. *United Railroads of San Francisco,* 71 Cal. App. 82, 234 Pac. 863, 867, a case in which a street-car ran into a truck as it was being turned on a street in

San Francisco and killed Atkinson, a passenger on the car, whose representative brought an action against the street-car company for damages, the complaint alleged that the defendant "negligently and carelessly, and without any notice or warning, ran and operated said street car along the southbound track maintained by defendant . . . at a greater speed than fifteen miles per hour, in violation of section 3" of the city ordinance, and the rule, *res ipsa loquitur,* was held applicable. It is clear that the facts alleged in this case disclose also a *res ipsa loquitur* situation and unless the plaintiff has deprived himself of the benefit of this rule by alleging specific acts only, that portion of the instruction dealing with the presumption of negligence on the part of the operator of the car was not erroneous.

The defendants contend further that because the complaint alleges a specific act of negligence the plaintiff is not entitled to the benefit of the inference that flows from proof of the accident itself, that is, that he has thereby placed himself in such a position that he cannot rely upon the rule, the accident speaks for itself. The right to do so would, under all the authorities, be unquestioned had he alleged general negligence only and rested upon proof of the accident, *Southern Pacific Co.* v. *Hogan, supra,* but the adjudicated cases are not in harmony as to whether he may have the benefit of this doctrine when he alleges specific negligence. The following, among others, deny him this right: *Roscoe* v. *Metropolitan St. Ry. Co.,* 202 Mo. 576, 101 S. W. 32; *Highland Avenue & B. R. R. Co.* v. *South,* 112 Ala. 642, 20 So. 1003; *O'Rourke* v. *Marshall Field & Co.,* 307 Ill. 197, 138 N. E. 625, 27 A. L. R. 1014; *Garvey* v. *Coleman Lamp Co.,* 113 Kan. 70, 213 Pac. 823. And

it makes no difference that an allegation of general negligence also appears in the complaint. *May v. City of Hannibal,* 186 Mo. App. 602, 172 S. W. 471. But in other jurisdictions the allegation of specific negligence has no bearing on the question at all, and, therefore, neither deprives nor entitles one to the benefit of the rule. Such averments are regarded as immaterial or as mere surplusage, but this is true only when the complaint alleges both general and specific acts of negligence. Such is the holding in the following, among others, decisions: *Nashville Interurban Ry.* v. *Gregory,* 137 Tenn. 422, 193 S. W. 1053; *Biddle* v. *Riley,* 118 Ark. 206, 176 S. W. 134, L. R. A. 1915F 992; *Kluska* v. *Yeomans,* 54 Wash. 465, 103 Pac. 819, 132 Am. St. Rep. 1121; *Angerman Co.* v. *Edgemon,* 76· Utah 304, 290 Pac. 169, 79 A. L. R. 40; *De Roire* v. *Lehigh Valley R. Co.,* 205 App. Div. 549, 199 N. Y. Supp. 652; *Rapp* v. *Butler-Newark Bus Line, Inc.,* 103 N. J. Law 512, 138 Atl. 377; *Union Gas & Electric Co.* v. *Waldsmith,* 31 Ohio App. 118, 166 N. E. 588; *Firszt* v. *Capitol Park Realty Co.,* 98 Conn. 627, 120 Atl. 300, 29 A. L. R. 17; *Stewart* v. *Barre & Montpelier Power & Traction Co.,* 94 Vt. 398, 111 Atl. 526.

Between these two extremes, however, there is a third class which holds that where a plaintiff alleges specific acts of negligence he must rely for recovery upon them alone, but he is given the benefit of the doctrine of *res ipsa loquitur* so far as those specific acts are concerned. This confines him in his proof to the acts he has alleged specifically but does not deprive him of the benefit of the presumption as to them. If, in addition to these, he alleges general negligence also it is immaterial to the defendant, for the ·fact that the specific acts are alleged relieves him from the necessity of explaining or meeting any others.

In Thompson on Negligence, volume 6, paragraph 7643, this modified rule is stated as follows:

"The plaintiff, in an action for personal injuries, is not deprived of his right to rely upon the doctrine of *res ipsa loquitur* by reason of having averred the particular act of negligence complained of, where such act is the one which the legal inference of negligence tends to establish."

In adopting this rule, which in effect modified the rather drastic one theretofore prevailing in that state, the court in *Atkinson* v. *United Railroads of San Francisco, supra,* said:

"In adopting a rule for this state, we are of the opinion that it was not intended to declare an absolute and unqualified rule, that is, one so drastic as to deny plaintiffs in all cases, and under all circumstances, the benefit of the doctrine of *res ipsa loquitur,* merely because they have voluntarily gone further than the law required them to go, in particularizing the specific acts of negligence upon which they relied for a recovery; but that it was intended that the more liberal rule should be followed which restricts plaintiff, in his proof and recovery, to the specific acts alleged, and relieves the defendant from the burden of exculpating himself from any other acts of negligence than those alleged, but which does not, so far as those particular acts of negligence are concerned, deprive plaintiff of the benefit of the doctrine of *res ipsa loquitur.*"

See the following: *Colorado Springs & Interurban Ry. Co.* v. *Reese,* 69 Colo. 1, 169 Pac. 572; *Cramblet* v. *Chicago & N. W. Ry. Co.,* 82 Ill. App. 542; *Louisville & S. I. Traction Co.* v. *Worrell,* 44 Ind. App. 480, 86 N. E. 78; *Southern Ry. Co.* v. *Adams,* 52 Ind. 322, 100 N. E. 773; *Alabama & V. Ry. Co.* v. *Groome,* 97 Miss. 201, 52 So. 703, 705; *Sanders* v. *City of Carthage,* (Mo. App.) 9 S. W. (2d) 813; *Boyd* v. *Portland Electric Co., supra; Johnson* v. *Galveston,*

*H. & N. Ry. Co.,* 27 Tex. Civ. App. 616, 66 S. W. 906; *Snyder* v. *Wheeling Electrical Co.,* 43 W. Va. 661, 28 S. E. 733, 64 Am. St. Rep. 922, 39 L. R. A. 499.

This view, which we think fair to both parties to the action and the proper one to adopt in this state, in no way conflicts with the requirement that a plaintiff must recover on proof of the specific acts of negligence alleged, that is, make his evidence correspond with his allegations, because the doctrine of *res ipsa loquitur* is merely a rule of evidence intended to help the plaintiff bear the burden of proving the negligence alleged, and nothing else. It does not dispense with the necessity of proof on the question of negligence, but relates wholly to the probative force thereof. *Atkinson* v. *United Railroads of San Francisco, supra.* In an action in which the complaint charges specific acts of negligence only, the court in *Alabama & V. R. Co.* v. *Groome, supra,* said:

"It is true that a plaintiff must recover upon the case made by his declarations; but it does not follow therefrom that, when he alleges specific acts of negligence, the maxim has no application. In such case the maxim applies, and the presumption of negligence arises; but it is limited to a presumption of the negligence charged in the declaration, which presumption the defendant is called on to rebut by evidence that due care was exercised with reference to the matter complained of."

It follows that the giving of the first part of the instruction complained of was not error.

The remainder of this instruction, however, advised the jury that "if you find from a preponderance of the evidence, that the plaintiff was a passenger on the defendant's stage, and that while he was such passenger an accident occurred by reason of a collision between the stage and some other object, and the plaintiff was injured, you must find on that

question of negligence in favor of the plaintiff,'' and the defendants contend that this was erroneous because it left nothing for the jury to decide on the question of negligence. This language is peremptory in effect and deprived the jury of the right to weigh the evidence offered by the defendant for the purpose of ascertaining whether an explanation of the accident not attributable to the negligence of the defendants might be found. It is, of course, true that the jury was authorized to infer negligence on the part of the defendants when it was shown that the plaintiff was a passenger on one of its stages and that he had been injured as a result of a collision between that stage and some other agency, since the accident occurred in such a way as to render applicable the rule, *res ipsa loquitur,* but it was not required to do so. The effect of this doctrine is merely to take the question of negligence to the jury, which, in the light of all the facts, has the right to exercise its own judgment thereon. Reference to mere proof of an accident as raising a presumption or making a *prima facie* case of negligence has, it is true, been made several times in what we have said above, but this has been done because most of the authorities use these terms in expressing the practical result of the application of the rule, namely, that it affords the plaintiff a substitute for proof of specific acts of negligence, though a more accurate statement of the law is that the circumstances amount to evidence from which negligence may be inferred by the jury, not that negligence is presumed. *East End Oil Co.* v. *Pennsylvania Torpedo Co.,* 190 Pa. 350, 42 Atl. 707. Such is the view expressed by the Supreme Court of the United States in *Sweeney* v. *Erving,* 228 U. S. 233, 33 Sup. Ct. 416, 418, Ann. Cas. 1914D 905, 57 L. Ed. 815, when it uses the following language:

"In our opinion, *res ipsa loquitur* means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. *Res ipsa loquitur,* where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is whether the preponderance is with the plaintiff. Such, we think, is the view generally taken of the matter in well-considered judicial opinions.''

In discussing the doctrine, *res ipsa loquitur,* the Supreme Court of North Carolina used the following language in *Stewart* v. *Van Deventer Carpet Co.,* 138 N. C. 60, 50 S. E. 562, 564:

"The doctrine does not dispense with the requirement that the party who alleges negligence must prove the fact, but relates only to the mode of proving it. The fact of the accident furnishes merely some evidence to go to the jury, which requires the defendant 'to go forward with his proof.' The rule of *res ipsa loquitur* does not relieve the plaintiff of the burden of showing negligence, nor does it raise any presumption in his favor. Whether the defendant introduces evidence or not, the plaintiff in this case will not be entitled to a verdict unless he satisfies the jury by the preponderance of the evidence that his injuries were caused by a defect in the elevator attributable to the defendant's negligence. The law attaches no special weight, as proof, to the fact of an accident, but simply holds it to be sufficient for the consideration of the jury even in the absence of any additional evidence.''

See the following: *Glowacki* v. *Northwestern Ohio R. & P. Co.,* 116 Ohio 451, 157 N. E. 21, 53 A. L. R.

1486; *Barnowski* v. *Helson,* 89 Mich. 523, 50 N. W. 989, 15 L. R. A. 33; *Ryan* v. *St. Paul Union Depot Co.,* 168 Minn. 287, 210 N. W. 32; *Hughes* v. *Atlantic City & S. R. Co.,* 85 N. J. Law 212, 89 Atl. 769, L. R. A. 1916A 927; *Williamson* v. *Salt Lake & O. Ry. Co.,* 52 Utah 84, 172 Pac. 680, L. R. A. 1918F 588; *Briglio* v. *Holt & Jeffery,* 85 Wash. 155, 147 Pac. 877; *Monahan* v. *National Realty Co.,* 4 Ga. App. 680, 62 S. E. 127.

The action of one of plaintiff's counsel in writing on the blackboard, immediately opposite the jury and to the rear of defendants' counsel while he was arguing the case, figures relating to the wages he would have earned during the period between the date of the accident and the commencement of the action, had he not been injured, is made the basis of one of the assignments. This was clearly improper since the damages sought to be recovered were for pain and suffering only, but, in view of the fact that the case must go back for a new trial, it is not necessary to discuss the assignment further.

Reversed and remanded for a new trial.

ROSS, C. J., and LOCKWOOD, J., concur.